SAMUEL WEEKS AND ANOTHER *v.* JACOB WEEKS CORN-WELL AND OTHERS, RESPONDENTS. HENRY A. WEEKS AND OTHERS, APPELLANTS, IMPLEADED WITH GEORGE W. WEEKS AND OTHERS.

*Practice — no order for the payment of disbursements can be made until a final judgment has been recovered*

In this action, brought to partition certain real estate in the city of New York, an interlocutory judgment, adjudging the property to belong to the heirs-at-law of one Jacob Weeks, was modified at the General Term as to the persons entitled to the property, without determining the names or shares of the real owners, and a referee was appointed to ascertain and report who were

the persons entitled to the property and their rights and interests therein. While the reference was pending, the attorneys for certain of the parties moved for and obtained an order requiring a receiver of the rents and profits, who had been appointed in the action, to pay out of the funds in his hands disbursements made by them amounting to $1,442.97.

*Held,* that the order should be reversed ; that the right to recover costs was to be determined by the judgment finally to be entered in the action, and that until such a judgment had been recovered no order for the payment of costs or disbursements should be made.

APPEAL from an order of Mr. Justice DONOHUE, made at Special Term (at Chambers), directing the payment to the defendants Jacob Weeks Cornwell and others, or to their attorneys, Messrs. Van Winkle, Candler & Jay, of certain disbursements said to have been made by them during the litigation.

The action was brought to partition a valuable property. The extent of the rights and interests of all parties is put in dispute by the pleadings. A trial was had at Special Term and an interlocutory judgment was there entered, adjudging the property involved in this action to belong to the heirs-at-law of Jacob Weeks, deceased. From that judgment several of the parties appealed. On the appeal the General Term " modified " said interlocutory judgment, and, as modified, affirmed it without determining the names of the parties entitled to the property, or their shares. By this decision Mr. Patterson was appointed, by the General Term, a referee to ascertain and report, among other things, who were the persons entitled to the property, and their rights and interests therein. That reference has been had ; the referee has filed his report, to which many of the parties, including these appellants, have duly excepted, but the report has not yet been confirmed or the exceptions disposed of. A motion to confirm his report and a motion for a reargument upon the appeal from the interlocutory judgment were heard at the same term of this court, at which the appeal in this matter was heard.

After the announcement of the decision of the General Term on the appeal from the interlocutory judgment, and pending the reference, the respondents, or their attorneys, made various disbursements in the conduct of the litigation, set forth in the affidavit on the motion as amounting in all to $1,442.97. The respondents moved for an order that they be repaid these disbursements out of

a fund which had accumulated during the litigation, in the hands of John E. Ward, who had theretofore been appointed in this action receiver of the rents, etc., of the property sought to be partitioned. Respondents' motion was granted, and an order was entered (being the order now appealed from) directing the receiver to pay to respondents, or their attorneys, the entire amount of such disbursements, including moneys paid for appraisers' fees, for printing judgment, opinion, briefs, findings, etc.; for "traveling expenses," for "lithographing and copying papers," etc., and on this order they at once collected the money from the receiver.

*Frederick H. Man* and *A. H. Stoiber*, for the appellants.

*Flamen B. Candler*, for the respondents.

DANIELS, J.:

The order directed this sum of money to be paid by the receiver of the property out of moneys received by him as the rents and income from the property in controversy. The amount ordered to be paid consisted of disbursements expended during the progress of the hearing before the referee for the purpose of showing the value of the different interests of the persons entitled to participate in the partition of the same property. But neither that fact, nor any other which has been made to appear, was authority for this order, for it had not been determined that the parties in whose favor it was made were entitled to recover these expenditures in any form in the action, or to their reimbursement out of the income of the property. Upon the interlocutory judgment following the trial at the Special Term, no direction for the recovery of either costs or disbursements was given, and by the order or decree directing the reference upon which the disbursements were made, the judgment was modified "with costs of all parties to be paid out of the funds, and such allowances as may be awarded on the final hearing on such report of said referee by the Special Term." This award of costs included no part of these disbursements, but it was restricted, so far as it was made operative, alone to the costs of the appeal, and by no judgment or direction whatever had the right been created to charge these disbursements against either of the parties to the action or any fund existing in it. Their disposition necessarily

depended upon the order or direction which might be given upon the hearing or confirmation of the report made by the referee. And when that may be given they will form so much of the costs to be recovered by the judgment and obtained under its authority. No precedent whatever has been found for such a direction as is contained in the order, and if it could be it should not be followed, on account of the injustice which would not fail to arise in the disposition of money subject to the order of the court in like manner. It is no answer to the objections which have been urged that the persons in whose favor the order has been made may be entitled to a larger proportion than the amount directed to be paid of the rents and income of the property, for that cannot surely be ascertained until this case has been finally decided and determined. But without depending very much upon this circumstance, it is sufficient to say that the right to recover costs is to be determined by the judgment finally to be entered in the action, and until such a judgment has been recovered, an order for the payment of costs or disbursements should not be made. If it could be sustained, as this order has been made, it might equally be so as to all the disbursements made by the other parties, in the course of the litigation, and also extended so as to include their probable costs, and that would very manifestly be an improper thing to do.

The order from which the appeal has been taken should be reversed, and the motion should be denied, with the usual costs and disbursements.

BRADY, J., concurred.

DAVIS, P. J.:

I concur, except as to costs. **No costs, I think, should be allowed** on the appeal or of the motion.

Order reversed and **motion denied, with ten dollars costs and** disbursements.